UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VFS US LLC d/b/a MACK FINANCIAL SERVICES | CIVIL ACTION |
| VERSUS | NO. 09-3469 |
| GILLMAN READY MIX LLC, ET AL. | SECTION "N" (2) |

**ORDER AND REASONS**

Before the Court is the Motion for Attorney's Fees (Rec. Doc. 15), filed by Plaintiff VFS US LLC d/b/a Mack Financial Services ("VFS"). In the motion, VFS requests that, pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure, this Court order an award of attorney's fees in the amount of $9,148.50 that were incurred by Plaintiff in connection with this matter. This motion is opposed. After considering the memoranda of the parties and the applicable law, this Court grants this motion.

**I.  BACKGROUND**

On May 7, 2009, VFS filed suit against Defendants, Gillman Ready Mix LLC and Martin Gillman III, seeking amounts it alleged were contractually owed to it pursuant to a Secured Promissory Note and Continuing Guaranty that were executed by Defendants in

1

connection with the purchase of six commercial trucks. After VFS filed a Motion for Summary Judgment (Rec. Doc. 7) on July 14, 2009, the parties agreed to enter into a Consent Judgment, which this Court entered into the record on August 14, 2009. (Rec. Doc. 14). The Judgment included an award of VFS's attorney's fees. (See Rec. Doc. 14, p. 2). VFS seeks these fees in the instant motion.

**II. ANALYSIS**

Rule 54(d)(2)of the Federal Rules of Civil Procedure states that a claim for attorney's fees must be made by motion and, unless a statute or a court order provides otherwise, must be filed no later than 14 days after the entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the movant to the award; must state the amount sought or provide a fair estimate of it; and must disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made. This Court's Local Rules further provide:

> In all cases where attorney's fees are sought, the party desiring to be awarded such fees shall submit to the court a contemporaneous time report reflecting the date, time involved, and nature of the services performed. The report shall be in both narrative and statistical form and provide hours spent and justification thereof.

Local Rule 54.2.

In Louisiana, attorneys' fees are only allowed where

authorized by statute or contract. *State, Dept. Of Transp. and Dev. v. Williamson*, 597 So.2d 439, 441 (La. 1992). Here, the Secured Promissory Note entered into between VFS and Defendants provides for an attorneys' fees award:

> Borrower agrees to pay on demand all reasonable external and internal costs, expenses and fees (including reasonable attorneys' fees and expenses) of Lender in enforcing the Loan Documents and the rights and remedies of Lender under the Loan Documents and applicable law, regardless of whether any legal action or proceeding is instigated...

(Exhibit A to Rec. Doc. 15, p. 3). Despite this provision, Defendants oppose VFS's motion. Defendants point to the following provision in the Secured Promissory Note:

> The proceeds of any sale(s), after deducting all expenses and costs (including reasonable attorneys' fees and expenses) shall be applied to the indebtedness or any other indebtedness of Borrower to Lender and any surplus remaining shall be paid to Borrower or to any other party who may be legally entitled to such surplus.

(Exhibit A to Rec. Doc. 18).

In referencing the above provision, Defendants argue that the Secured Promissory Note requires that expenses and costs (including attorneys' fees) be deducted prior to the application of any proceeds put towards the indebtedness. Defendants note that $540,000.00 was applied to their indebtedness following the sale of the collateral. Defendants argue that any expenses and costs incurred by VFS up to that point were required to be deducted from the proceeds of the sale of collateral prior to its

3

application to the outstanding balance. Thus, they contend that all claims for attorney's fees requested by VFS relating to work done prior to the sale of the collateral are not recoverable as they were not attorney's fees incurred in "enforcing the Loan Documents."

As VFS notes in its reply, in arguing this, Defendants are essentially contending that VFS should have unilaterally deducted its attorney's fees from the proceeds of the sale of the collateral. However, it is clear that in Louisiana, attorneys' fees are subject to review and control by the courts. *Nat'l Info. Serv. Inc. v. Gottsegen*, 98-528 (La.App. 5 Cir. 6/1/99), 737 So.2d 909. Thus, any unilateral decision would likely have proven to be problematic. What is also clear is that regardless of how VFS is compensated for its reasonable attorneys' fees, the Secured Promissory Note entered into between VFS and Defendants does, indeed, provide for an award of attorneys' fees. (Exhibit A to Rec. Doc. 15, p.3).

Next, the Court must consider whether the award of $9,148.50 is reasonable. Defendants argue that it is not. This Court's analysis is similar to the Court's analysis in *VFS US LLC v. St. Germaine*, 2009 WL 2849598 (M.D. La. 2009), which involved the same Plaintiff and the same attorney.[1] As the *St. Germaine*

---

[1] Defendants cite this case to show that the fees in the instant matter are unreasonable. However, VFS points out that contrary to what Defendants have alleged, the "same work" was not performed in *St. Germaine*. In

4

Court did, this Court considers several different factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), to determine the reasonableness of attorney's fees. These factors include: the time and labor required; the novelty and difficulty of the questions at issue; the skill required to perform the legal service properly; the preclusion of other employment due to the attorney's involvement in the instant case; the customary fee; whether the fee is fixed or contingent; the results obtained; the experience, reputation and the ability of the attorneys; the undesirability of the case; the nature and length of the professional relationship with the client and awards in similar cases.

Here, Plaintiff's counsel is a Senior Level Litigation Associate with the law firm of Adams and Reese, LLP, a multidisciplinary law firm comprised of over 275 attorneys with offices located in several different states. (Exhibit B to Rec. Doc. 15, ¶ 2). He has been admitted to practice law in all state and federal courts in Louisiana since October of 2003. (Exhibit B to Rec. Doc. 15, ¶ 1).

In support of its assertion that this award of attorney's fees requested in this matter is reasonable, VFS painstakingly

---

that case, Judge James Brady determined that VFS's counsel's fee of $200 per hour for 14.5 hours of work (totaling $2,900) was reasonable. The *St. Germaine* case was resolved four months after the Complaint was filed when the Court granted VFS's unopposed Motion for Summary Judgment. Here, counsel for VFS was required to expend much more time and effort to achieve a final resolution, as explained in VFS's memoranda in support of its motion.

5

describes the work that was done on this file. (See Rec. Doc. 15-2, pp. 4-5). Counsel for VFS further states:

> For nearly one (1) year, Plaintiff's counsel has expended a total of 44.3 hours in the above captioned case... In connection with the above-captioned proceedings, the undersigned billed Plaintiff at a rate of $200 - $ 215 per hour,1 which multiplied by the total hours expended, results in attorney's fees totaling $9,148.50.

(Rec. Doc. 15-2, p. 3; Exhibit B to Rec. Doc. 15). Based on the detailed description of the work done on this file, the undersigned finds the rate reasonable and the amount of time spent on this file reasonable. Indeed, the requested amount of $9,148.50 represents only 1.3% of the principal amount owed by Defendants pursuant to the Secured Promissory Note ($667,549.78) and only 6.3% of the Judgment ($144,085.88). As VFS notes, Louisiana courts have made awards for fees with similar ratios. See, e.g. *Rollo v. Lousteau*, 522 So.2d 183 (La. App. 5 Cir. 1988) (reducing attorneys' fee award to 7% of recovery); *Oubre v. Bank of St. Charles & Trust Co.*, 499 So.2d 602 (La. App. 5 Cir. 1986) (reducing attorneys' fee award to 5% of recovery). Thus, this Court finds that an amount of $9,148.50 in attorney's fees is reasonable.

## III. CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the Motion for Attorney's Fees (Rec. Doc. 15) is **GRANTED.** Thus, VFS US, LLC is

6

entitled to and shall be paid an award of attorneys fees in the amount of $9,148.50.

New Orleans, Louisiana, this 19th day of October 2009.

_____
KURT D. ENGELHARDT
United States District Judge